**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEAN A. C.,**

                   **Plaintiff,**                  **5:18-cv-164
                                                                    (GLS)**

          **v.**

**NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,**

                   **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jean A. C.
Pro Se
9427 River Street
Phoenix, NY 13135

**FOR THE DEFENDANT:**
HON. GRANT C. JACQUITH        ELIZABETH D. ROTHSTEIN
United States Attorney            Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Ellen E. Sovern
Acting Regional Chief Counsel
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Jean A. C. challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI). (Compl., Dkt. No. 1.[1]) After reviewing the administrative record and carefully considering Jean C.'s arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On October 24, 2014, Jean C. filed an application for SSI, alleging a disability onset date of January 1, 2007. (Tr.[2] at 61, 156-61.) After her application was denied, (*id.* at 74-77), Jean C. requested a hearing before an Administrative Law Judge (ALJ), which was held February 21, 2017, (*id.* at 13, 31-59, 78-79). On March 2, 2017, the ALJ issued an unfavorable decision denying the requested benefits, (*id.* at 10-30), which became the Commissioner's final decision upon the Social Security Administration

---

[1] Citations to the complaint refer to the CM/ECF-generated page number(s).

[2] Page references preceded by "Tr." are to the administrative transcript. (Dkt. No. 9.)

Appeals Council's denial of review, (*id.* at 1-6, 154-55).

Jean C. commenced the instant *pro se* action on February 8, 2018. (Compl. at 1.)[3] Thereafter, the Commissioner filed a certified copy of the administrative transcript. (Dkt. No. 9.) Each party filed a brief seeking judgment on the pleadings. (Dkt. Nos. 12,[4] 16.) Thereafter, on October 15, 2018, Jean C. filed a supplemental brief, (Dkt. No. 17), to which the Commissioner filed a response, (Dkt. No. 20).[5]

### III. <u>Contentions</u>

Jean C. does not contend that the ALJ erred in any way. (*See generally* Compl.) Instead, Jean C. argues that "[t]hrough no fault of her own, substantial evidence to support her disability claim was not properly presented and/or was not able to be presented in a timely manner." (*Id.* at

---

[3] The same day, Jean C. filed a motion for leave to proceed *in forma pauperis*, (Dkt. No. 2), which was granted, (Dkt. No. 5).

[4] Citations to Jean C.'s brief, (Dkt. No. 12), refer to the CM/ECF-generated page number(s). Although Jean C.'s brief purports to be a motion for summary judgment, (*id.* at 3), the court construes it as a motion for judgment on the pleadings.

[5] On November 1, 2018, Jean C. sought permission to reply to the Commissioner's first brief. (Dkt. No. 21.) The court denied her request for a lack of good cause and because she had already filed a supplemental brief. (Dkt. No. 22.)

1.)  She also argues that "[d]ue to hardships and . . . confusion . . . both [she] and her life partner also lost track of time sensitive notices that were mailed to [her] regarding the status of her disability hearing/appeal."  (*Id.*)  Jean C. "seeks judgment allowing a court review of the A[LJ]'s decision and the opportunity to properly present additional evidence that is new, material, and relates to the period on or before the date of the hearing decision."  (*Id.*)  Her brief, (Dkt. No. 12), and supplemental brief, (Dkt. No. 17), attempt to support these contentions.

The Commissioner contends that the ALJ properly evaluated the evidence of record and the ALJ's decision is supported by substantial evidence as well as the application of the correct legal standards.  (Dkt. No. 16 at 1, 5-15.)  The Commissioner also argues that the additional evidence submitted by Jean C. does not warrant a remand.  (*Id.* at 15-16.)

## IV.  **Facts**

The findings of fact in the ALJ's decision, (Tr. at 15-25), are adopted in conjunction with its citations to the administrative record.

## V.  **Standard of Review**

The standard for reviewing the Commissioner's final decision under

4

42 U.S.C. § 405(g)[6] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:5-CV-932, 2008 WL 759076, at *1-3 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Jean C.'s Arguments

Although Jean C. argues that "[t]hrough no fault of her own, substantial evidence to support her disability claim was not properly presented and/or was not able to be presented in a timely manner," (Compl. at 1), the court finds this argument unavailing and not supported by the record. To begin with, she does not identify what the substantial evidence is or how it was not properly presented (or was not able to be presented in a timely manner). Indeed, Jean C. was represented by an

---

[6] The § 405(g) standard of review in DIB proceedings under Title II of the Act also applies to SSI proceedings under Title XVI of the Act. *See* 42 U.S.C. § 1383(c)(3). Similarly, the analysis of SSI claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to DIB claims under Title II. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

5

attorney at the ALJ hearing, at which she testified. (Tr. at 31-50.) Jean C. also argues that her attorney "quit[] . . . for unspecified reasons" by a letter dated June 21, 2017. (Compl. at 1, 3.) However, Jean C. received a twenty-five day extension from the Appeals Council by letter dated June 9, 2017, (Tr. at 7-8), which gave her time to submit additional evidence even after her attorney made it clear that she would not be representing her in the appeal.[7] Jean C. does not allege that she contacted the Appeals Council regarding a further extension. Moreover, Jean C. does not allege how she was prejudiced, let alone by the ALJ or the Appeals Council.

The court must also reject Jean C.'s argument that "[d]ue to the hardships and . . . confusion . . . both [she] and her life partner also lost track of time sensitive notices that were mailed to [her] regarding the status of her disability/appeal." (Compl. at 1.) The court is aware of the hardships alleged by her life partner. (*Id.* at 5, 7.) However, Jean C. fails to identify which notices she lost track of or how the ALJ or Appeals Council prejudiced her in any way as a result. *See Beede v. Comm'r of Soc. Sec.*, No. 1:12–CV–1072, 2013 WL 5217673, at *4 (N.D.N.Y. Sept.

---

[7] In her April 29, 2017 request for review of the ALJ's decision, Jean C. sought the Appeals Council's review because of "missing and/or misleading information submitted by attorney [sic]." (Tr. at 155.)

16, 2013) (rejecting remand argument because plaintiff "d[id] not articulate any prejudice arising from the Appeals Council's errors"). As explained above, Jean C. attended the ALJ hearing with her attorney and testified, (Tr. at 31-50), and she also sought and received an extension from the Appeals Council, (*id.* at 7-8, 155).

In any event, Jean C. has submitted the purportedly new evidence to this court. (*See generally* Dkt. Nos. 12, 17.) "[A] district court may remand a case to . . . consider additional evidence that was not included as part of the original administrative proceedings." *Doyle v. Astrue*, No. 8–CV–641, 2009 WL 4893641, at *15 (N.D.N.Y. Dec. 15, 2009) (citing 42 U.S.C. § 405(g)). Such a remand is warranted only if a three-prong test is met. *Id.* (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

> First, the evidence must be "new" and not merely cumulative of evidence in the administrative record. Second, the new evidence must be "material," *i.e.*[,] "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." The "materiality" prong further requires a finding that there is a reasonable possibility that the new evidence would have changed the outcome before the Commissioner. Third and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier.

*Doyle*, 2009 WL 4893641, at *15 (internal citations omitted).

Jean C.'s proffered evidence does not meet this test. She submitted

7

an After Visit Summary from Upstate University Hospital. (Dkt. No. 12 at 8-16.) However, it is not "material" because it is not relevant to Jean C.'s condition during the time period for which benefits were denied. *See Doyle*, 2009 WL 4893641, at *15. That is, the After Visit Summary is dated May 23, 2018, (Dkt. No. 12 at 8), and the ALJ denied Jean C.'s requested benefits on March 2, 2017, (Tr. at 10-30). Jean C. argues that "[a]lthough this hospital stay took place after the Hearing Decision, . . . it substantiates [her case] with regard to the nature and severity of [her] overall condition." (Dkt. No. 12 at 4.) More specifically, Jean C. argues that she spent ten days at the hospital on life support, "primarily due to [c]ardiac [s]hock, [s]eizure[,] and [s]troke caused by acute and chronic stress[,] which is medically documented as a preexisting condition." (*Id.*) However, the After Visit Summary is devoid of any mention of life support or any preexisting condition. (*Id.* at 8-16.) Five of the exhibits in Jean C.'s supplemental brief are also dated outside of the relevant time period. (Dkt. No. 17 ¶¶ 2, 3-6.[8])

---

[8] Jean C. states that the exact date of Exhibit G is uncertain but is sometime between 2017-2018. (Dkt. No. 17 ¶ 2.) However, even if the video is dated before March 2, 2017 such that it is "material," Exhibit G is cumulative of evidence in the administrative record, (*compare id.*, *with* Tr. at 37-38), and Jean C. has not provided good cause for not submitting the evidence earlier. *See Doyle*, 2009 WL 4893641, at *15. Moreover, the ALJ properly weighed Jean C.'s testimony regarding her memory deficits

8

The rest of Jean C.'s proffered evidence is not "new," as it is merely cumulative of evidence in the administrative record. *See Doyle*, 2009 WL 4893641, at *15. For example, the affidavit of her life partner describes changes in medication that were already documented in the administrative record. (*Compare* Dkt. No. 12 at 6 ¶¶ 9, 13, *with* Tr. at 37, 47-48, 403, 421, 473-75.) Furthermore, the court does not find a reasonable possibility that any of the proffered evidence would have changed the outcome before the Commissioner. *See Doyle*, 2009 WL 4893641, at *15. To wit, some of Jean C.'s proffered evidence is controverted by what is already in the record.[9] And, even setting aside her failure to meet the other prongs, Jean

---

against her consultative examination and various mental health progress notes. (Tr. at 16 (citing *id.* 267, 448, 454, 461, 467).)

[9] For example, Exhibit J of Jean C.'s supplemental brief argues that she had seizures that "began on or about 1/30/16 and continued throughout the period on or before the Hearing Decision." (Dkt. No. 17 ¶ 5.) However, as the ALJ noted, (Tr. at 22), in July 2016 Jean C. reported no additional seizure activity or falls, (*id.* 427-28), and a medical record dated August 2, 2016 states that Jean C. "denie[d] incidents of falling or seizure activity since last visit," (*id.* at 433-34). Another example is that Jean C.'s life partner proffered that she "stopped bathing," (Dkt. No. 12 at 6 ¶ 12), but Jean C. testified at the ALJ hearing that she "tr[ies] to do sink baths with a facecloth" and "[she] do[es] the best [she] can to try to wash up," (Tr. at 45-46). The court notes that a medical provider recorded that Jean C. "jok[ed] that [her life partner] should get SSI for having 'a disability for his inability to keep a job.'" (*Id.* at 461.)

9

C. has not demonstrated good cause for failing to present this evidence earlier. *See id.*[10]

**B.    The ALJ's Decision**

In her complaint, Jean C. sought "a court review of the A[LJ]'s decision" but did not offer any arguments as to how the ALJ erred. (Compl. at 1.)  However, in light of Jean C.'s *pro se* status, the court has reviewed the ALJ's determination to ensure that it is supported by substantial evidence and free from legal error.  *See Reddick v. Comm'r of Soc. Sec.*, No. 5:13–cv–4, 2014 WL 1096178, at *1 n.2 (N.D.N.Y. Mar. 19, 2014).

At step one, the ALJ properly found that Jean C. had not engaged in substantial gainful activity since October 24, 2014, (Tr. at 15), and at step two, the ALJ properly found that Jean C.'s anxiety and hypertension were "severe" impairments, (*id.* at 15-16).  The ALJ also properly decided, at step three, that Jean C.'s impairments did not meet or medically equal the criteria of a listed impairment.  (*Id.* at 16-17.)  Indeed, in her pre-hearing

---

[10] Jean C.'s life partner was present at the hearing. (Tr. at 33, 34.) Seemingly nothing precluded him from testifying on her behalf as to the contents of his proffered affidavit. (*See* Dkt. No. 12 at 5-7); *see Mongeur v. Heckler*, 722 F.2d 1033, 1036 (2d Cir. 1983) (describing claimant's wife's testimony at ALJ Social Security hearing).

statement, Jean C. (who was represented by counsel at the time) conceded as much. (*Id.* at 237.)

Turning back to step two, the ALJ's findings that Jean C.'s claimed scoliosis, insomnia, vision deficits, seizures, knee weakness, and problems using her hands were not severe impairments were supported by substantial evidence; the ALJ properly considered the relevant evidence and noted how Jean C.'s assertions were inconsistent with the record. (*Id.* at 15-16, 21-22.) In any event, at step four, the ALJ correctly considered both the severe and nonsevere impairments in assessing Jean C.'s residual functional capacity (RFC). (*Id.* at 15, 17-24.) As such, even if the ALJ erred at step two, such error would be harmless. *See Woodmancy v. Colvin*, 577 F. App'x 72, 74 n.1 (2d Cir. 2014); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013).

Here, the ALJ's step four finding applied the correct legal standards and is supported by substantial evidence. (Tr. at 17-24.) The court agrees with the Commissioner's arguments that the ALJ considered the evidence regarding seizures and reasonably concluded that Jean C. did not have a medically determinable seizure impairment during the relevant period. (Dkt. No. 16 at 6-7.) The court also agrees with the Commissioner's

11

arguments that the ALJ reasonably concluded that Jean C.'s hypertension did not result in any additional limitations beyond those assessed in the RFC for a range of medium work.  (*Id.* at 7-9; Tr. at 23.)  Additionally, the ALJ's RFC finding properly accounted for Jean C.'s anxiety and medication.  (Tr. at 23.)  Moreover, the ALJ's decision to give limited weight to Dr. Noia's opinion that psychiatric problems "may" at times interfere with Jean C.'s ability to function on a daily basis was reasonable, given that opinion's inconsistency with the overall record evidence, as explained by the ALJ.  (*Id.* at 19, 21-23); *see Pellam v. Astrue*, 508 F. App'x 87, 89-90 (2d Cir. 2013).

    The ALJ also correctly applied the law in finding that Jean C.'s RFC allowed her to perform her past relevant work.  (Tr. at 24.)  At that point, the ALJ's determination that Jean C. was not disabled was proper.  *See Koch v. Colvin*, 570 F. App'x 99, 102 (2d Cir. 2014) ("If the claimant's RFC permits her to perform her past relevant work, then the claimant is deemed not disabled, and the inquiry ends.") (internal citation omitted).  However, in an abundance of caution, the ALJ continued to step five and properly found that, in the alternative, there are other jobs existing in significant numbers in the national economy that Jean C. is able to perform, given her RFC.

12

(Tr. at 24-25); see Toribio v. Barnhart, No. 2 Civ. 4929, 2003 WL 21415329, at *4 (S.D.N.Y. June 18, 2003) ("[T]he ALJ properly concluded in the alternative that even if [claimant] could not perform his past relevant work, he could still perform other jobs in the national economy . . . and is thus not entitled to disability benefits.").

In sum, after careful review of the record, the court affirms the ALJ's decision, as it is supported by substantial evidence and free from legal error.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Jean C.'s complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 28, 2019
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge